## CARL HAENEL v. THE STATE.

No. 19724. Delivered May 11, 1938.

The opinion states the case.

*Jim Letts,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of robbery by assault, and awarded a term of five years in the penitentiary.

There is but one bill of exceptions in the record, and it is not properly certified to by the court, and only appears in a

question and answer form, which the court does not certify to have been necessary. Such attempted bill is also multifarious, in that other and further matters are attempted to be embraced therein, which are not germane to nor connected with the first portion thereof. We can not consider such bill.

The facts testified to indicate that the complaining witness, R. P. Mounce, was the keeper of a filling station in Houston. About 11:40 on the night in question two men came riding up to his filling station and stopped their car within six to eight feet of where he was sitting inside thereof, and one Eddie Clark walked into the station where witness was sitting at the desk, posting up, produced a pistol, pointed it at the witness, and said "Give it to me." Witness opened the cash register and told Clark to help himself. Clark refused to do so but made Mounce give him the money in such register, Clark continuing to move his pistol from one hand to another, and pointing it at the witness. Mounce was in a glass enclosed room and could see out on all sides, and the driver of the car in which Clark came up was from six to eight feet of the witness. After Clark had obtained the contents of the cash register, he walked out of the station and got in the car and it was immediately driven away. Mr. Mounce positively identified the driver of such car as appellant, Carl Haenel.

The court gave a charge on principals that had frequently been approved by this Court.

The defense was an alibi. The jury heard the evidence, and evidently did not give credence to such testimony. They were the judges of the credibility of such witnesses.

We think the court properly charged the law as called for by the facts, and we are impressed with the conclusion that the appellant has received a fair trial at the hands of an impartial jury, and the judgment is accordingly affirmed.